NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KIBBIE P. PILLETTE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2632

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00353-EGB, Senior Judge Eric G. Bruggink.

---

Decided: January 18, 2017

---

KIBBIE P. PILLETTE, Abbeville, LA, pro se.

HEIDI L. OSTERHOUT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before LOURIE, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Kibbie Pillette ("Pillette") appeals from the decision of the Court of Federal Claims ("the Claims Court") on cross-motions for judgment on the administrative record denying Pillette's request for an order directing the Army to correct his military record to reflect a medical retirement. *See Pillette v. United States*, No. 15-353C, 2016 WL 4059172 (Fed. Cl. July 29, 2016) ("*Decision*"). For the following reasons, we *affirm*.

## BACKGROUND

In November 1965, Pillette was shot in the jaw in Vietnam. For the next ten months, he was treated in various military hospitals, and he was awarded the Purple Heart.

On June 7, 1966, Pillette's term of enlisted service ("ETS") expired. The Army retained him past that date to continue treating his injuries. On July 22, 1966, Pillette signed an affidavit confirming his desire to be retained on active duty beyond his ETS ("July 1966 Affidavit"). The affidavit stated, *inter alia*:

> I, SGT E5 KIBBIE P. PILLETTE, have been fully advised by the undersigned officer of the advantage that may accrue to me by voluntarily remaining on active duty in the Army beyond the scheduled date of expiration of my term of service *for the purpose of continuing medical care or hospitalization and, if eligible, subsequent separation or retirement for physical disability* under the provisions of chapter 61, title 10, U.S.C., and have been further advised that if I elect instead to be discharged or released from active duty as scheduled I will not, after such discharge or release from active duty, be eligible for separation or retirement for physical disability. . . . *I (do) desire*

*retention on active duty* in the Army beyond the scheduled date of expiration of my tour of service.

Supplemental Appendix ("S.A.") 8 (emphases added).

On September 8, 1966, an Army Medical Evaluation Board ("MEB") convened to determine whether Pillette was fit for active duty. The MEB found Pillette fit for duty with certain limitations based on a speech impediment. S.A. 31–32. The report recommended that he be "[r]eturned to duty" and "be separated from the service which is his desire since he is past his ETS." *Id.* The findings and recommendations of the MEB were approved on September 16, 1966.

On September 19, 1966, Pillette acknowledged that he had "been informed of the approved findings and recommendations of the [MEB]" and he crossed out and initialed the statement "I do not agree with the Board's action and desire to appeal." *Id.* at 32. Pillette did not appeal the MEB decision. On September 22, 1966, Pillette was honorably discharged from active duty due to the expiration of his term of service and transferred to the active reserve.

Immediately following his discharge, Pillette sought treatment at a Veterans Affairs ("VA") hospital. On June 3, 1967, the VA awarded him a 50% disability rating effective September 23, 1966.

In 2009, Pillette filed a request with the Army Board for Correction of Military Records ("ABCMR") to change his discharge from honorable to a medical retirement resulting from the injuries he incurred in Vietnam.

In December 2009, the ABCMR denied Pillette's request. The ABCMR first "determined it is in the interest of justice to excuse [Pillette's] failure to timely file" and

conducted a substantive review.[1] *In re Pillette*, No. AR20090010260, slip op. at 2 (ABCMR Dec. 29, 2009). The ABCMR found that the Army had properly followed its procedures in not issuing Pillette a medical discharge. *Id.* at 3 (citing Army Regulation ("AR") 635-40). The ABCMR found that (1) the MEB determined Pillette was fit for retention; (2) the MEB recommended that Pillette be returned to duty; and (3) Pillette did not contest the MEB's findings. Because the MEB found Pillette fit, he was not referred to a Physical Evaluation Board ("PEB"), and without a PEB, Pillette could not have been issued a medical discharge. The ABCMR also found that Pillette did not provide any evidence to show that his medical condition warranted consideration by a PEB.

Pillette requested reconsideration of the ABCMR's decision three times between 2010 and 2014. The ABCMR denied all of those requests.

On April 8, 2015, Pillette filed a complaint in the Claims Court challenging the ABCMR's decision. He sought correction of his military record to reflect a disability retirement rather than an honorable discharge and back pay for retirement benefits that he would have received had he been given a disability retirement.

The government moved to dismiss, or, in the alternative, for judgment on the administrative record. The Claims Court denied the motion to dismiss and directed Pillette to file a cross-motion for judgment on the administrative record.

---

[1] Generally, applicants to the ABCMR "must file an application within three years after an alleged error or injustice is discovered or reasonably should have been discovered." 32 C.F.R. § 581.3(d)(2) (2016). However, as the ABCMR did here, it "may excuse untimely filing in the interest of justice." *Id.*

On the cross-motions, the Claims Court granted the government's motion and denied Pillette's motion. The court held that Pillette "ha[d] not shown that the ABCMR was arbitrary or capricious in rejecting his claim for a disability retirement from the [A]rmy." *Decision*, 2016 WL 4059172, at *3. The Claims Court agreed with the ABCMR that the MEB's finding of fitness for retention made a PEB unnecessary. The court rejected Pillette's argument that the July 1966 Affidavit guaranteed him a PEB as unsupported by authority and a plain reading of the document. The court held that Pillette's argument that the Army would have reached a different conclusion regarding his fitness for duty if it had completed his medical care was waived because it was not raised at the ABCMR. The court also noted that Pillette had not "shown how [this] calls into question the MEB's conclusion or the ABCMR's affirmance of it." *Id.*

The Claims Court also found that the MEB's recommendations were not contradictory. On the final page of the report, the MEB recommended that Pillette be "[r]eturned to duty." S.A. 32. But the report also "recommended that [Pillette] be separated from the service which is his desire since he is past his ETS." *Id.* at 31. The court explained "[t]he recommendation in the MEB's report that [Pillette] be separated from service because he wished to be is not germane to the question actually presented to the MEB, and does not call into question its finding regarding his fitness for duty." *Decision*, at *3.

Pillette timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012).

## DISCUSSION

We review a Claims Court decision granting or denying a motion for judgment on the administrative record without deference, applying the same standard of review that the Claims Court applied. *Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004). We will not disturb the

ABCMR's decision unless "the decision is arbitrary or capricious, unsupported by substantial evidence, or otherwise not in accordance with law." *Fisher v. United States*, 402 F.3d 1167, 1180 (Fed. Cir. 2005). Generally, arguments not raised before the ABCMR are waived. *See Metz v. United States*, 466 F.3d 991, 999 (Fed. Cir. 2006).

The Secretary of the Army, acting through the ABCMR, "may correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). "The ABCMR begins its consideration of each case with the presumption of administrative regularity." AR 15-185 ¶ 2–9 (Mar. 31, 2006). To overcome this presumption, the "applicant has the burden of proving an error or injustice by a preponderance of the evidence." *Id.*

A member of the Army may be retired with retired pay if the member "is unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay" under certain circumstances. 10 U.S.C. § 1201 (1964). AR 635-40 implements provisions of Title 10 relating to eligibility and processing for physical disability benefits. AR 635-40A § 1 ¶ 1 (Aug. 13, 1957); AR 635-40 ¶ 1–1 (Feb. 8, 2006). The "Army regulations in effect at the time of [Pillette's] discharge in [1966], rather than current regulations, guide our analysis." *Chambers*, 417 F.3d at 1227.

Pillette argues that the Claims Court erred in denying his motion for judgment on the administrative record. Pillette asserts that various provisions of AR 635-200 and the July 1966 Affidavit demonstrate that his medical condition warranted the completion of his medical treatment prior to his discharge and evaluation by a PEB. Pillette contends that the July 1966 Affidavit guaranteed him a PEB. Pillette also contends that an MEB should not have been convened and that AR 635-40 did not apply to him when the MEB convened because the Army had

retained him past his June 7, 1966 ETS. Pillette further asserts that his retention in the army for 45 days past his scheduled ETS without his prior consent violated his rights under AR 635-200.[2]

The government responds that the Claims Court did not commit reversible error. The government contends that the ABCMR's decision was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

We agree with the government that the Claims Court did not err. The ABCMR's determination that Pillette received proper processing under AR 635-40 was not arbitrary and capricious or unsupported by substantial evidence. When Pillette's case was referred to the MEB, it was charged with evaluating his condition and recommending an appropriate disposition. *See* AR 635-40A § III ¶ 10 (Aug. 13, 1957). Because the MEB found him fit for duty, referral to a PEB was not required. Indeed, only "[*w*]*hen the approved action of the* [*MEB*] *d*[*id*] *not provide for either final medical disposition of the case (e.g., return to duty . . .* ) or deferment of disposition pending transfer or further observation, [*was*] *the case . . . referred to the jurisdiction of a* [*PEB*] *for disposition*." *Id.* (emphasis added); *see also id.* § IV ¶ 19 (stating cases of members who appeared to be "medically unfit for active duty" were "referred to a [PEB] for disposition"). The MEB recommended that Pillette be returned to duty, a final medical disposition from which Pillette did not appeal. The Army thus followed proper procedure in not referring Pillette to a PEB.

---

[2]   Pillette appears to cite currently effective AR 635-200. Our analysis, however, is based on the regulation in effect at the time of Pillette's ETS and discharge in 1966. *See Chambers*, 417 F.3d at 1227.

Although we question whether the ABCMR properly applied the version of AR 635-40 that was in effect in 1966,[3] to the extent the ABCMR incorrectly applied the current AR 635-40, any such error was harmless. Under both the Army regulations in effect now and those in effect in 1966, the procedure for evaluating a soldier's medical fitness for duty and eligibility for a disability retirement is substantially the same in relevant part. An MEB must first find a soldier medically unfit before referral to a PEB. AR 635-40A § III ¶ 10, § IV ¶ 19 (Aug. 13, 1957); AR 635-40 ¶¶ 4–10, 4–13 (Feb. 8, 2006). Upon referral, a PEB makes disability findings and recommendations that can lead to a medical retirement. *See* AR 635-40A § IV ¶ 28 (Aug. 13, 1957); AR 635-40 ¶ 4–19 (Feb. 8, 2006).

Additionally, we can discern no error in the ABCMR's finding of a lack of evidence that Pillette's medical condition warranted consideration by a PEB. Compliance with AR 635-200 did not require Pillette to be evaluated by a PEB. *See* AR 635-200 § IV ¶ 14(d) (Apr. 8, 1959) (explaining that a member "may, with his consent, be retained in service beyond the expiration of his period of service in order that he may complete the required medical care or hospitalization and, *if required, be brought before a* [*PEB*]" (emphasis added) (citing AR 635-40A)); AR 635-200 ¶ 2–6 (July 15, 1966) (same). As contemplated by AR 635-200, the Army retained Pillette past his scheduled ETS to continue providing him with medical care and had him sign the July 1966 Affidavit consenting to his retention. *See* AR 635-200 § IV ¶ 14(d) (Apr. 8, 1959); AR 635-200 ¶ 2–6 (July 15, 1966). Although Pillette signed the

---

[3]  *Compare Pillette*, No. AR20090010260, slip op. at 3, *with* AR 635-40 ¶¶ 4–9, 4–10 (Feb. 8, 2006); *compare In re Pillette*, No. AR20100009820, slip op. at 3 (ABCMR Sept. 21, 2010), *with* AR 635-40 ¶ 3–2(b)(1) (Feb. 8, 2006).

July 1966 Affidavit 45 days after his scheduled ETS, there was no harm to Pillette's eligibility for a disability retirement as a result of this delay. *See* AR 635-200 § IV ¶ 14(d) (Apr. 8, 1959); AR 635-200 ¶ 2–6 (July 15, 1966).

We also do not agree with Pillette's contentions that the MEB was improperly convened and that AR 635-40 did not apply to him when it was convened. Pillette consented to his retention on active duty past his scheduled ETS "for the purpose of continuing medical care or hospitalization and, if eligible, subsequent separation or retirement for physical disability." S.A. 8. AR 635-40 implemented Title 10 eligibility and processing for physical disability benefits and specified that members of the Regular Army, like Pillette, "will be processed under these regulations" except in situations inapplicable here. AR 635-40A § 1 ¶¶ 1, 2 (Aug. 13, 1957). Thus, AR 635-40 applied to Pillette when the MEB was convened and he has shown no impropriety by the MEB.

Furthermore, we do not agree with Pillette that the July 1966 Affidavit guaranteed him a PEB. This affidavit appears to be a form affidavit used by the Army to confirm a service member's intent to remain in the service or be discharged. *Compare* S.A. 8, *with* AR 635-200 § IV ¶ 14(d)(5) (Apr. 8, 1959) *and* AR 635-200 ¶ 2–6 (July 15, 1966). The July 1966 Affidavit made clear that Pillette would be considered for "retirement for physical disability" "*if eligible.*" S.A. 8 (emphasis added). The affidavit did not mention a PEB, or indicate that it superseded the provisions of AR 635-40. As discussed above, we can discern no error in the ABCMR's finding that the Army properly processed Pillette under AR 635-40. Nothing in the affidavit or any authority of which we are aware supports Pillette's position that the affidavit guaranteed him a PEB.

Finally, we find no reversible error in the Claims Court's holding that Pillette waived his argument regard-

ing the Army's alleged failure to complete his medical care prior to his discharge. Pillette does not contest the waiver holding before this court, and the ABCMR did not pass on this issue. In any event, as the Claims Court noted, Pillette "has not shown how [this] calls into question the MEB's conclusion or the ABCMR's affirmance of it." *Decision*, 2016 WL 4059172, at *3.

In sum, Pillette has not shown that the ABCMR erred in holding that he had not established any error or injustice in his military record. Pillette is therefore not entitled to correction of his military record.

CONCLUSION

We have considered Pillette's remaining arguments and conclude that they are without merit. For the foregoing reason, the decision of the Claims Court is *affirmed*.

**AFFIRMED**

COSTS

No costs.